**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JAMAL GROSS, )<br>         Plaintiff, )<br>vs. )<br>       )<br>U.S. DEPARTMENT OF JUSTICE, et. al, )<br>         Defendants. ) | No. 3:11-CV-2023-M-BH<br><br><br>Referred for Pretrial Management |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for pretrial management. Before the Court is *Defendant's Motion for Summary Judgment and Brief in Support*, filed October 29, 2012 (doc. 47). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

On August 15, 2011, Plaintiff Jamal Gross (Plaintiff) filed this action against the United States Department of Justice (DOJ), the Federal Bureau of Prisons (BOP), and numerous BOP employees at three different prison units in three different states, including the Federal Correctional Institution at Seagoville, Texas (FCI-Seagoville), alleging violations of his constitutional rights. (*See* Comp. (doc. 2).) On November 15, 2011, he filed an amended complaint specifically invoking *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* doc. 10.) The claims against BOP employees in other states were transferred to the appropriate districts on November 18, 2011. (*See* doc. 16.)

Plaintiff filed a second amended complaint on February 13, 2012, and answers to a Magistrate Judge's Questionnaire (MJQ Ans.) on April 17, 2012. (*See* Am. Comp. (doc. 24); MJQ Ans. (doc. 30).) These filings clarified that his claims against the DOJ, BOP and FCI-Seagoville employees arose under *Bivens,* internal BOP directives regarding classification of inmates, and the

Federal Tort Claims Act (FTCA), 28 U.S.C. § 2670 *et seq.* (*See id.*; doc. 30 at 1, 5, 6.) Plaintiff claimed that the defendants improperly classified him while he was incarcerated in the BOP, that he was housed at FCI-Seagoville based on the improper classification, that as a result he was attacked and injured by another inmate at that facility on August 13, 2009, that the officers at FCI-Seagoville failed to secure his safety, and that he received inadequate medical care for the resulting injuries to his teeth and mouth. *Id.* On July 24, 2012, the Court dismissed all of Plaintiff's claims except for the inadequate medical care claim against Dr. Bret Downing (Defendant) under *Bivens*. (*See* docs. 31, 37-39.)

Plaintiff claims that after he was attacked and injured by another inmate on August 13, 2009, Defendant (a dentist) placed six of the teeth he lost during the assault back into his mouth that same day, and that he had several infections as a result. (*See* MJQ Ans. (doc. 30) at 6). Nearly two months later, on October 6, 2009, Defendant performed surgery on Plaintiff and extracted four teeth at that time. (*See* Comp. (doc. 2) at 25-26). Plaintiff claims he lost six permanent teeth, experienced bone loss, and needs surgery to pull an additional two teeth. (*See* MJQ Ans. (doc. 30) at 6).

Defendant moves for summary judgment on grounds that he is immune from suit and that he did not act with deliberate indifference with regard to Plaintiff's dental care. (*See* docs. 47-48). Plaintiff did not file a response to the motion for summary judgment or a reply brief.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact

exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(C).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id.* at 255, neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, the courts have no obligation under

3

Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

### III. IMMUNITY

Defendant asserts that as a United States Public Health Service (PHS) employee, he is immune from a suit brought under *Bivens* for any personal injury caused by him while performing a medical function while acting within the scope of his employment pursuant to 42 U.S.C. § 233(a).

Section 233(a) states that

> the remedy against the United States provided by sections 1346(b) and 2672 of title 28...for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

The Supreme Court has held that by making a suit under the FTCA the exclusive remedy for personal injury resulting from the performance of a PHS employee within the scope of his employment, § 233(a) grants absolute immunity to PHS officers and employees for actions arising out of medical functions within the scope of their employment because it bars *all* actions, including *Bivens* actions, against them for this conduct. *Hui v. Castaneda*, 130 S.Ct. 1845, 1850-51 (2010). Proof that an alleged personal injury resulted from a PHS officer or employee acting within the

4

scope of his employment is, in most cases, established by a declaration from the defendant affirming that he was a PHS employee during the relevant time period. *Id*. at 1854.

Defendant has submitted a sworn declaration stating that during Plaintiff's incarceration at FCI-Seagoville, he was and continues to be a "commissioned officer of the United States Public Health Service" . (*See* MSJ App'x (doc. 48) at 6.) He has also submitted a copy of his personnel order from the U.S. Department of Health and Human Services that identifies him as a member of the commissioned corps of the PHS. *Id.* at 8.

Plaintiff has submitted no evidence that controverts Defendant's sworn declaration. According to his sworn allegations in the complaint and answers to the questionnaire, his alleged physical injuries occurred when Defendant performed dental work on him while incarcerated at FCI-Seagoville. It is therefore uncontroverted that Defendant is a commissioned officer of the PHS, and that his actions were taken while in the course and scope of his duties as an officer of the PHS. Under the plain language of § 233(a), and pursuant to *Hui*, Defendant is entitled to absolute immunity as to Plaintiff's *Bivens* claim against him. *See Dorsey v. Relf*, 2012 WL 3000219 (N.D. Tex. July 20, 2012) (holding that, based on uncontroverted evidence submitted with a motion to dismiss, a physical therapist working at FCI-Fort Worth was entitled to absolute immunity under 42 U.S.C. § 233(a) as a PHS commissioned officer).

### IV. CONCLUSION

The defendant's summary judgment motion should be **GRANTED**.

**SO RECOMMENDED** on this 2nd day of July, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                             IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE